IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR TO BANK OF AMERICA, N.A., SUCCESSOR IN INTEREST TO LASALLE BANK N.A., AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE BEAR STEARNS ASSET BACKED SECURITIES I TRUST 2004-HE7 ASSET-BACKED CERTIFICATES SERIES 2004-HE7,<br>    Plaintiff,<br><br>VI.<br><br>XSV INDUSTRIES, LLC, FIG TRUST AND VILLAGE OF EMERALD BAY HOMEOWNERS ASSOCIATION, INC.<br>    Defendants. | § § § § § § § § § § § § § § § § § § § § § |

C.A. No. 3:18-cv-00301

## AMENDED FINAL JUDGMENT

Plaintiff, U.S. Bank NA, successor trustee to Bank of America, NA, successor in interest to Lasalle Bank National Association, as trustee, on behalf of the holders of the Bear Stearns Asset Backed Securities I Trust 2004-HE7, Asset-Backed Certificates, Series 2004-HE7's (**"Plaintiff"** or **"Trustee"**) Motion for Entry of Agreed Judgment as to Defendant Village of Emerald Bay Homeowners Association, Inc. (**"HOA"**), Motion for Entry of Agreed Judgment as to Defendant FIG Trust (**"FIG"**) and Motion for Default Judgment as to XSV Industries, LLC (**"XSV"**) (the **"Motions"**) are **GRANTED**.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Plaintiff is awarded a Judgment pursuant to Chapter 37, Texas Civil Practices and Remedies Code as follows:

On or about April 23, 2004, David L. Morgan and Julie B. Morgan (**"Borrowers"**) executed a Note (the **"Note"**) payable to original lender, Fremont Investment & Loan (**"Fremont"**)

and its successor and assigns. On the same date, Borrowers executed a Deed of Trust (the "**Deed of Trust**") in favor of Fremont establishing a first lien on property identified by its physical address of 2910 Plum Lake Drive, Pearland, TX 77584 and as more particularly described as:

> LOT TWO (2), IN BLOCK THREE (3), FINAL PLAT OF SHADOW CREEK RANCH SF-18A, ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED IN VOLUME 23, PAGE 389-392.

(the "**Property**"). The Deed of Trust was recorded in the real property records of Brazoria County, Texas as Doc. No. 2004024769.

On or about July 2, 2012, Fremont assigned the Deed of Trust to Trustee which was the mortgagee at the time of the foreclosure sale conducted by Trustee.

On or about April 9, 2013, XSV was issued a Trustee's Deed pursuant to a foreclosure sale based on a judgment obtained by HOA pursuant to a Property Owners Association Expedited Foreclosure Default Order obtained based on past due Homeowner's Association Assessments. That deed was recorded in the real property records of Brazoria County, Texas as Doc No. 2013016468. As a result of that sale, the HOA conveyed the Property to XSV. The interest acquired by XSV in the Property was at all material times subject to the first lien memorialized by the Deed of Trust.

On or about January 19, 2016, FIG was issued a Deed Under Execution and Order of Sale pursuant to a constable's foreclosure sale from a court order related to an abstracted judgment against XSV. That deed was recorded in the real property records of Brazoria County, Texas as Doc. No. 2016002482.

On or about December 6, 2016, HOA conducted another foreclosure sale based on past due Homeowner's Association Assessments, which divested FIG of record title to the Property and conveyed the Property to the HOA. That deed was recorded in the real property records of

Brazoria County, Texas as Doc No. 2016063709. The interest acquired by HOA in the Property was at all material times subject to the first lien memorialized by the Deed of Trust.

The Declarations for the HOA, as recorded in the real property records of Brazoria County, Texas, specifically provided at all material times:

> Section 14. Subordination of Lien to Mortgages.
> The lien of the Assessments provided for herein shall be subordinate to the liens created in the Master CCR's and to any first priority lien mortgages relating to the Lots or Tracts or liens relating to construction upon the Lots or Tracts. Sale or transfer of any Lot or Tract shall not affect the lien of the Assessment; however, the sale or transfer of any Lot or Tract pursuant to the foreclosure of a first priority lien mortgage or any proceeding in lieu thereof, shall extinguish the lien of the Assessments as to payments which became due prior to such sale or transfer. No sale or transfer shall relieve such Lot or Tract from liability for the Assessments thereafter becoming due or from the lien thereof.

After Borrowers defaulted on their payment obligations under the Note and Deed of Trust, on or about December 6, 2016, pursuant to applicable law and the terms of the Note and Deed of Trust, Trustee conducted a foreclosure sale on the Property and obtained title via a Substitute Trustee's Deed recorded in Brazoria County, Texas as Document No. 2016061978.

Accordingly, the interest of HOA, Fig and XSV in the Property was subject and junior to Trustee's first lien interest under the Deed of Trust at all material times. Subsequent to Trustee's December 6, 2016 foreclosure sale, Trustee became the record owner of the Property to the exclusion of HOA, XSV and FIG.

Any conveyance, or assessment liens filed by HOA, Fig and XSV relating to the Property that pre-dated the December 6, 2016 foreclosure by Trustee are inferior and subordinate to the interests of Plaintiff in the Property.

SIGNED this 14th day of March, 2019.

_____
UNITED STATES DISTRICT JUDGE

3